UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RANDAZZO ENTERPRISES, INC., a California corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLIED UNDERWRITERS CAPTIVE RISK ASSURANCE COMPANY, INC.,<br><br>    Defendant. | Case No. 5:14-CV-02374-EJD<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING MOTION TO DISMISS**<br><br>[Re: Dkt. No. 9] |

Presently before the court is Defendant Applied Underwriters Captive Risk Assurance Company, Inc.'s ("Defendant") Motion to Compel Arbitration, or alternatively, Motion to Dismiss Plaintiff Randazzo Enterprises, Inc.'s ("Plaintiff") Complaint. The court found this matter suitable for decision without oral argument pursuant to Civil Local Rule 7–1(b) and previously vacated the hearing. Having reviewed the parties' briefing the court GRANTS Defendant's Motion to Compel Arbitration and DENIES Defendant's Motion to Dismiss.

**I.    BACKGROUND**

Plaintiff is a construction company in Northern California that specializes in general engineering and demolition services. Compl. at ¶ 14. In 2011, Plaintiff entered into a "Reinsurance Participation Agreement" ("RPA") with Defendant, a workers' compensation policy carrier. Id. at ¶¶ 17, 20. Plaintiff alleges that the dispute between the parties arose when, in November 2011, an employee of Plaintiff's suffered a work-related injury that would be covered by the RPA. Id. at ¶ 32. After this incident, Defendant began increasing the premium in violation

of the RPA. Id. at ¶ 33. Due to the increase in premium, Plaintiff refused to pay for two months. Id. at ¶ 34. Plaintiff claimed that Defendant overbilled Plaintiff and owed it a credit; Defendant agreed that an overbilling was made, but disputed the amount of the credit. Id. at ¶¶ 34-35. After the policy was renewed, Plaintiff, over objections, continued to pay the increased premiums. Id. at ¶ 35. Plaintiff requested the formula Defendant used to calculate the premium, but Defendant did not provide it. Id. at ¶ 39. Plaintiff alleges that in 2013, it renewed the policy with Defendant. Id. at ¶ 42. At the beginning of the policy period, Defendant tripled the monthly premium without justification. Id. Plaintiff refused to pay the increased premium and cancelled the policy. Id.

In May 2014, pursuant to the arbitration agreement in the RPA, Defendant filed a Demand for Arbitration with the American Arbitration Association demanding additional premium payments of $430,451.01. Compl. at ¶ 45; see Dkt. No. 1, Exh. 2, Demand for Arbitration. In the same month, Plaintiff filed the instant action alleging: (1) declaratory relief and stay of arbitration; (2) declaratory relief and rescission; (3) misrepresentation and rescission; (4) declaratory relief and reformation of the agreement; and (5) breach of contract. See Compl. In July 2014, Defendant filed the instant Motion to Compel Arbitration or, in the alternative, Motion to Dismiss. See Dkt. No. 9. Plaintiff filed an opposition brief, and Defendant filed a reply brief. See Dkt. Nos. 16, 17.

## II. LEGAL STANDARD

### A. Motion to Compel Arbitration

The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, espouses a general policy favoring arbitration agreements and establishes that a written arbitration agreement is "valid, irrevocable, and enforceable." 9 U.S.C. § 2. Upon the request of either party to the agreement, a court may compel arbitration "in accordance with the terms of the agreement." Id. at § 4. However, when considering a party's request, the court is limited to determining (1) whether a valid arbitration agreement exists, and if so (2) whether the arbitration agreement encompasses the dispute at issue. 9 U.S.C. §§ 2–4; Cox v. Ocean View Hotel Corp., 533 F.3d 1114, 1119 (9th Cir. 2008). If these conditions are satisfied, the court is without discretion to deny the motion and

2

Case No. 5:14-CV-02374-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION;
DENYING MOTION TO DISMISS

must compel arbitration.  See Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration.").

In making each of these determinations, the court must apply ordinary state law principles governing the formation and construction of contracts.  See First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 944 (1995).  To determine the validity of the agreement, the court must look to "the same grounds as exist in law or in equity for the revocation of any contract," such as fraud, duress or unconscionability.  9 U.S.C. § 2; Rent–A–Center, W., Inc. v. Jackson, 561 U.S. 63, 68 (2010).  Similarly, in interpreting the scope of an arbitration provision, the court is mindful that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."  AT&T Tech., Inc. v. Commc'n Workers of Am., 475 U.S. 643, 648 (1986) (internal citations omitted).  However, any doubts as to arbitrability must be resolved in favor of coverage and "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  Id. at 650.

**B.    Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim in the complaint with sufficient specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  Dismissal under Rule 12(b)(6) is "proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory."  Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  While a complaint need not contain detailed factual allegations, it "must contain

3

Case No. 5:14-CV-02374-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION;
DENYING MOTION TO DISMISS

1 sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

2 Id. (quoting Twombly, 550 U.S. at 570).

3 **III.   DISCUSSION**

4 Defendant argues that this action does not belong in court, but instead must be arbitrated pursuant to the RPA's arbitration agreement. Mot. at 1. To determine whether arbitration should be compelled, the court will evaluate the validity of the arbitration agreement and its scope.

**A.   Validity of the Arbitration Agreement**

The RPA expresses the parties' agreement to arbitrate:

> All disputes between the parties relating in any way to (1) the execution and delivery, construction or enforceability of this Agreement, (2) the management or operations of the Company, or (3) any other breach or claimed breach of this Agreement or the transactions contemplated herein shall be settled amicably by good faith discussion among all of the parties hereto, and, failing such amicable settlement, finally determined exclusively by binding arbitration in accordance with the procedures provided herein. The reference to this arbitration clause in any specific provision of this Agreement is for emphasis only, and is not intended to limit the scope, extent or intent of this arbitration clause, or to mean that any other provision of this Agreement shall not be fully subject to the terms of this arbitration clause. All disputes arising with respect to any provision of this Agreement shall be fully subject to the terms of this arbitration clause.

RPA ¶ 13(B). In dispute is the validity and enforceability of the arbitration agreement.

**1.   Governing Law**

Plaintiff argues that the arbitration agreement is not enforceable because it invokes Nebraska law, and under a Nebraska statute, mandatory arbitration clauses in insurance contracts are prohibited. Opp. at 3, 5. The RPA provisions referencing Nebraska law provide:

> 14. Participant hereby irrevocably and unconditionally submits to the exclusive jurisdiction of the Courts of Nebraska for the purpose of enforcing any arbitration award rendered hereunder and all other purposes related to this Agreement, and agrees to accept service of process in any case instituted in Nebraska related to this Agreement and further agrees not to challenge venue in Nebraska provided such process is delivered in accordance with the applicable rules for service of process then in effect in Nebraska. To the extent necessary, this consent shall be construed as a limited waiver of

4

Case No. 5:14-CV-02374-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION;
DENYING MOTION TO DISMISS

> sovereign immunity only with respect to this Agreement. . . . 16. This Agreement shall be exclusively governed by and construed in accordance with the laws of Nebraska and any matter concerning this Agreement that is not subject to the dispute resolution provisions of Paragraph 13 hereof shall be resolved exclusively by the courts of Nebraska without reference to its conflict of laws.

RPA ¶¶ 14, 16.

Defendant argues that the arbitration agreement is enforceable because the Nebraska arbitration statute does not apply. Mot. at 12. According to Defendant, the inclusion of a general choice-of-law provision in a contract that also contains an arbitration provision cannot be construed to mean that the parties intended to apply a particular state's specific arbitration statutes, unless the agreement expressly incorporated that state's laws on arbitration. Id. Moreover, Defendant argues that if the Nebraska statute were to apply, it would be preempted by the FAA. Id.

Parties may agree to state law rules for arbitration, but the parties must clearly evidence their intent to be bound by such rules. Sovak v. Chugai Pharm. Co., 280 F.3d 1266, 1270 (9th Cir. 2002). Choice-of-law clauses will be interpreted as simply supplying state substantive law, and not rules for arbitration. Id. Here, the RPA's choice-of-law clause provides that Nebraska substantive law will apply when determining the merits of the dispute arising under the RPA; it does not provide that Nebraska arbitration rules will apply. See Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) ("the best way to harmonize the choice-of-law provision with the arbitration provision is to read the former to encompass substantive principles that state courts would apply, but not to include special rules limiting the authority of arbitrators").

Furthermore, even if Nebraska law were invoked by the arbitration agreement, it is preempted by the FAA. "Pursuant the Supremacy Clause of the United States Constitution, the FAA preempts contrary state law." Ferguson v. Corinthian Coll., Inc., 733 F.3d 928, 932 (9th Cir. 2013) (internal quotations omitted). Consequently, the Ninth Circuit is "prohibited from applying any state statute that invalidates an arbitration agreement" or "any other state law that prohibits outright the arbitration of a particular type of claim." Id. (internal quotations omitted). Here,

5
Case No. 5:14-CV-02374-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION;
DENYING MOTION TO DISMISS

Plaintiff relies on Nebraska Revised Statute § 25-2602.01(f)(4) and Nebraska court opinions to argue that a provision to arbitrate an agreement relating to an insurance policy other than a contract between insurance companies is unenforceable. Opp. at 3-4. The Nebraska statute prohibiting arbitration provisions in insurance contracts runs afoul of the goals and objectives of the FAA, and is clearly preempted. See Ferguson, 733 F.3d at 932 (The FAA "reflects an emphatic federal policy in favor of arbitration. Its purpose is to ensure that private arbitration agreements are enforced.") (internal quotations and citations omitted).

Accordingly, Plaintiff's argument that the arbitration agreement is unenforceable because it invokes Nebraska law fails.

2. Unconscionability

Plaintiff then argues that the arbitration agreement is not enforceable because it is unconscionable. Opp. at 10. "Under California law, a contract must be both procedurally and substantively unconscionable to be rendered invalid." Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 922 (9th Cir. 2013). A sliding scale is used to "determine unconscionability—greater substantive unconscionability may compensate for lesser procedural unconscionability." Id.

i. *Procedural Unconscionability*

"Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement." Chavarria, 733 F.3d at 922. "Oppression addresses the weaker party's absence of choice and unequal bargaining power that results in no real negotiation," and "[s]urprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." Id. (internal quotations omitted). A contract of adhesion is "a standardized contract, imposed upon the subscribing party without an opportunity to negotiate the terms." Nagrampa v. MailCoups, Inc., 469 F.3d 1257, 1281 (9th Cir. 2006). When the contract is presented on a take-it-or-leave-it basis and is oppressive because of the inequality of power that resulted in no real negotiation, then the standard for procedural

6
Case No. 5:14-CV-02374-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING MOTION TO DISMISS

unconscionability is satisfied. Id.

Defendant argues that there was no "oppression" because Plaintiff had numerous insurance companies to choose from for its workers' compensation insurance. Mot. at 15. Plaintiff, however, argues that the arbitration agreement is procedurally unconscionable because Defendant presented it to Plaintiff on a "take it or leave it" basis without a meaningful opportunity to negotiate. Opp. at 10. Plaintiff further contends that it was not provided with the notice required by the California Insurance Code allowing for the negotiation of the place of the arbitration proceedings. Id. at 11.

Defendant appears to concede that this contract is an adhesion contract, which gives rise to procedural unconscionability. See Mot. at 14-15. That Plaintiff had other insurance companies to choose from is not sufficient to overcome a finding of oppression. See Nagrampa, 469 F.3d at 1283 ("The California Court of Appeal has rejected the notion that the availability in the marketplace of substitute employment, goods, or services *alone* can defeat a claim of procedural unconscionability.") (emphasis in original) (collecting cases).

Defendant further argues that there was no "surprise" because the arbitration agreement is clear and conspicuous, and Plaintiff had ample opportunity to review and ask questions about the RPA. Mot. at 15-16. While the arbitration agreement is clear and conspicuous, under California law, there is no need to demonstrate "surprise" if the arbitration provision of an adhesive contract is oppressive. See Nagrampa, 469 F.3d at 1284 (collecting cases). Accordingly, the arbitration agreement is procedurally unconscionable.

        ii.      *Substantive Unconscionability*

In order for the arbitration agreement to be unenforceable, it must be substantively unconscionable under California law. See Chavarria, 733 F.3d at 923. "A contract is substantively unconscionable when it is unjustifiably one-sided to such an extent that it 'shocks the conscience.'" Id.

Plaintiff argues that two provisions of the RPA arbitration agreement are substantively unconscionable: (1) a provision regarding the choice of arbitrator; and (2) a provision allowing Defendant only to seek injunctive relief in court. Each will be addressed in turn.

### a. Choice of Arbitrator

The arbitration agreement provides that "[t]he parties shall select a mutually acceptable arbitrator." RPA ¶ 13(D). It further provides: "All arbitrators shall be active or retired, disinterested officials of insurance or reinsurance companies not under the control or management of either party to this Agreement and will not have personal or financial interests in the result of the arbitration." Id. Plaintiff argues that this provision favors Defendant because the arbitrator must be an official of an insurance or reinsurance company, which can result in bias. Opp. at 12. Defendant, however, argues that a provision limiting the class of potential arbitrators is not substantively unconscionable. Reply at 15.

While Plaintiff's concern is acknowledged, it is not sufficient to render Paragraph 13(D) unconscionable because the arbitration agreement provides a detailed scheme that allows Plaintiff's participation in the selection of a neutral arbitrator. See RPA ¶¶ 13(D)-(F). Paragraph 13(D) is unlike other arbitration provisions found by the Ninth Circuit to be substantively unconscionable. See Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 924 (9th Cir. 2013) (Defendant's arbitration policy precludes the selection of an arbitrator proposed by the party demanding arbitration, and the party selecting the arbitrator gains an advantage in subsequent proceedings); Newton v. Am. Debt Servs., Inc., 549 Fed. Appx. 692, 694 (2013) ("the arbitration agreement reserves the selection of an arbitrator solely to Defendants"); Pokorny v. Quixtar, Inc., 601 F.3d 987, 1002-03 (9th Cir. 2010) (Once an arbitration proceeding is initiated, the case administrator mails each party a letter containing the names of arbitrators who have attended an orientation conducted by Defendant, and encouraging the party seeking arbitration to select one of these arbitrators. If the party seeking arbitration opts to use a non-Defendant trained arbitrator, the parties are billed at a higher rate.). Accordingly, Paragraph 13(D) is not substantively

1 unconscionable.

### b. Defendant Seeking Injunctive Relief in Court

The RPA agreement provides:

> Participant acknowledges and agrees that it will benefit from this Agreement and that a breach of the covenants herein would cause Company irreparable damage that could not adequately be compensated by monetary compensation. Accordingly, it is understood and agreed that in the event of any such breach or threatened breach, Company may apply to a court of competent jurisdiction for, and shall be entitled to, injunctive relief from such court, without the requirement of posting a bond or proof of damages, designed to cure existing breaches and to prevent a future occurrence or threatened future occurrence of like breaches on the part of Participant. It is further understood and agreed that the remedies and recourses herein provided shall be in addition to, and not in lieu of any other remedy or recourse which is available to Company either at law or in equity in the absence of this Paragraph including without limitation the right to damages.

RPA ¶ 13(M). Plaintiff argues that this provision is one-sided because it allows only Defendant to go to court while Plaintiff is confined to arbitration. Opp. at 12.

In response, Defendant first argues that Paragraph 13(M) is irrelevant in this matter because Defendant is not seeking injunctive relief or monetary damages from the court. Mot. at 18. Evaluating this provision, however, is relevant because it is part of the arbitration agreement that is in dispute. Second, Defendant relies on California Civil Procedure Code § 1281.8 to argue that Plaintiff is permitted to seek injunctive relief under California law. Mot. at 18-19. Section 1281.8 allows a party in arbitration to file in superior court an application for a provisional remedy when the arbitrator's award may not be adequate to make the aggrieved party whole. Cal. Civ. Proc. § 1281.8(b); Riverside Cnty. Sheriff's Dept. v. Stiglitz, —P.3d—, 2014 WL 6725771, at *4 (Cal. Dec. 1, 2014). The California Supreme Court recently stated that Section 1281.8 does not address any and all types of harm—it "addresses only a circumstance in which a party might prevail in an arbitration but still have no recourse due to some changing condition." Stiglitz, 2014 WL 6725771, at *4. Here, Paragraph 13(M) is more expansive than the statute because it permits Defendant to go to court to seek any type of injunctive relief, not just preliminary injunctive relief.

9

Case No. 5:14-CV-02374-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION;
DENYING MOTION TO DISMISS

Moreover, Paragraph 13(M) allows Defendant to go to court in the event of a breach or threatened breach, while the statute would allow Plaintiff to go to court only after it seeks and prevails in arbitration. See Martin v. Ricoh Ams. Corp., 2009 WL 1578716, at *5 (N.D. Cal. June 4, 2009) (Chen, J.) (rejecting similar argument pertaining to similar arbitration provision). Thus, Defendant's argument fails.

Third, Defendant argues that even if Paragraph 13(M) is considered one-sided, it is not substantively unconscionable because there is a legitimate commercial need justifying the existence of this provision—due to Defendant's customers being credit risks, the provision is necessary to protect Defendant's interests from a potentially judgment proof company. Mot. at 19. Under California law, a lack of mutuality in a contract of adhesion is valid if there are business realities that create the special need for an advantage that is either explained in the contract itself or is factually established. Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 117 (2000); Cal. Civ. Code § 1670.5(b). Here, Paragraph 13(M)'s statement that monetary compensation would be inadequate is a broad claim that has been rejected as a "business reality." See Martin, 2009 WL 1578716, at *4 (collecting cases). Other than Defendant's argument in its brief, there is no evidence that has factually established the purported business reality that would create a special need for Paragraph 13(M). See Laughlin v. VMware, Inc., 2012 WL 298230, at *6 (N.D. Cal. Feb. 1, 2012) (Davila, J.) (Similar provision allowing defendant to go to court to obtain injunctive relief is one-sided, but not unconscionable because it relates only to breaches of defendant's intellectual property. Provision is justified because without the ability to restrain breaches of intellectual property, subsequent arbitration could be rendered meaningless.); Lambright v. Fed. Home Loan Bank of S.F., 2007 WL 4259552, at *9 (N.D. Cal. Dec. 3, 2007) (Wilken, J.) (provision in employee handbook stating that the policies and procedures could be changed at any time by the employer is one-sided, but not unconscionable because it justifies the business realities of the workplace that employers should be able to control and develop their policies and procedures). Thus, Defendant's argument fails.

10

Case No. 5:14-CV-02374-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION; DENYING MOTION TO DISMISS

1    Accordingly, Paragraph 13(M) is substantively unconscionable. Since both procedural and

2    substantive unconscionability has been found, only Paragraph 13(M) is unenforceable.

          iii.    *Severability*

California law permits a court to sever an unconscionable provision from an agreement. Cal. Civ. Code § 1670.5(a). Courts consider "whether the central purpose of the contract is tainted with illegality or the illegality is collateral to its main purpose." Pokorny, 601 F.3d at 1005. Here, there is only one substantively unconscionable provision that does not taint the entire agreement with illegality. As the agreement is written, the unconscionable provision can be easily stricken with no need to reform the agreement. Accordingly, the court shall sever Paragraph 13(M). See Martin, 2009 WL 1578716, at *5-6 (severing similar substantively unconscionable provision) (collecting cases).

**B.    Scope of Arbitration Agreement**

"[A]n agreement to arbitrate is a matter of contract: it is a way to resolve those disputes— but only those disputes—that the parties have agreed to submit to arbitration." Chiron, 207 F.3d at 1130. As with any contract dispute, the court looks at the express terms of the agreement. Id.

Here, the scope of the RPA arbitration agreement includes all disputes relating to "the execution and delivery, construction or enforceability of [the RPA]" or "any other breach or claimed breach of [the RPA] or the transactions contemplated [in the RPA.]" RPA ¶ 13(B). Plaintiff's claims are based on the following: the alleged unenforceability of the arbitration agreement (first claim); the validity of the RPA (second claim); Defendant's alleged misrepresentation of facts upon which Plaintiff relied on to enter into the RPA (third claim); the amount due to Plaintiff (fourth claim); and Defendant's alleged breach of the RPA for increasing the premiums (fifth claim). See Compl. at ¶¶ 47-74. All of Plaintiff's claims relate to the execution, delivery, construction, and/or enforceability of the RPA, as well as an alleged breach of the RPA, all of which fall under the scope of the arbitration agreement. Accordingly, all of Plaintiff's claims are subject to the arbitration agreement.

## IV. CONCLUSION

For the foregoing reasons, the court finds that there is both procedural and substantive unconscionability. Accordingly, the court shall sever Paragraph 13(M) and compel arbitration. Defendant's Motion to Compel Arbitration is GRANTED. The Motion to Dismiss is DENIED without prejudice. This action is STAYED in its entirety pending the final resolution of the arbitration. The clerk shall ADMINISTRATIVELY CLOSE this case, but this order does not preclude any party from moving to reopen this action, when appropriate.

**IT IS SO ORDERED**.

Dated: December 11, 2014



EDWARD J. DAVILA
United States District Judge

Case No. 5:14-CV-02374-EJD
ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION;
DENYING MOTION TO DISMISS